FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA  2017 JUN 26 PM 12: 24

CASE NO.:_____

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

UMAIR KHALID,

    Plaintiff,

vs.

2:17-CV-361-FtM-99MRM

ON-LINE BARGAINS, LLC individually,
a Florida Limited Liability Company,

    Defendant,

_____/

## COMPLAINT

COMES NOW, the Plaintiff, UMAIR KHALID ("Plaintiff"), on behalf of himself and other current and former similarly situated employees, by and through undersigned counsel, hereby files this Complaint against Defendant, ON-LINE BARGAINS, LLC individually, ("Defendant") and states as follows:

### JURISDICTION

1. There is an action by the Plaintiff for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Their Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to their action, a resident of Georgia. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, ON-LINE BARGAINS, LLC. is a Profit Corporation, authorized to conduct business and has principle location in Lee County, Florida, and at all times material hereto was and is engaged in interstate commerce.

5. Venue is proper in Lee County because all of the actions that form the basis of their Complaint occurred within Lee County and payment was issued in Lee County.

6. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7. All conditions precedent for the filing of their action before their Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff performed work for Defendants as a non-exempt, employee from on or about March 13, 2017 through on or about April 12, 2017.

9. At all times material hereto, Defendant had or should have had full knowledge of all hours worked by Plaintiff.

10. Throughout Plaintiff's employment with Defendant, Plaintiff did not receive compensation for all hours worked, as proscribed by the laws of the United States and the State of Florida.

11. Plaintiff is owed approximately $2,000.00 for all hours worked.

## COUNT I
*Wage & Hour Federal Statutory Violation against*
*ON-LINE BARGAINS, LLC*

12. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 11 of their complaint as if set out in full herein.

13. Their action is brought by Plaintiff to recover from Defendant unpaid wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*

14. Jurisdiction is conferred on their Court by Title 29 U.S.C. § 216(b).

15. At all times pertinent to their Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of their states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

16. Upon information and belief, the annual gross revenue of Defendant, as a joint enterprise with the otheir corporate Defendants named in their Complaint, was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otheir satisfies the FLSA's coverage requirements.

17. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

18. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of their complaint.

19. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

20. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g., Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of their type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully,

    B. Award Plaintiff an equal amount in double damages/liquidated damages;

    C. Award Plaintiff the costs of their action, together with a reasonable attorneys' fees; and

    D. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

# COUNT II
## *Wage & Hour Federal Statutory Violation against*
## *GARY CRAMER*

21. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 11 of this complaint as if set out in full herein.

22. Defendant was, and is now, the Manager of Corporate Defendant, of ON-LINE BARGAINS, LLC.

23. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

24. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

25. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff' employment with Defendant as set forth above.

26. **WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:
    a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;
    b. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;
    c. Award Plaintiff an equal amount in double damages/liquidated damages;
    d. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury. Dated: 6/13/17

Respectfully submitted,

/s/ Anthony M. Georges-Pierre

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
agp@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5005
Email: agp@rgpattorneys.com
 apetisco@rgpattorneys.com
 rregueiro@rgpattorneys.com
 pn@rgpattorneys.com